267 So.2d 368 (1972)
Paula PLOTKIN, Appellant,
v.
DEATRICK LEASING CO., and John E. Coby, Appellees.
No. 72-432.
District Court of Appeal of Florida, Third District.
October 17, 1972.
*369 Horton, Schwartz & Perse; Fuller, Brumer, Moss & Cohen, Miami, for appellant.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The question presented on this interlocutory appeal is whether the court grossly abused its discretion in setting aside a default entered against the appellee. See North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849. The appellant recognizes in her argument that the policy of the courts in setting aside defaults in order to permit a trial on the merits is one of great liberality, and that the discretion of the trial judge is a heavy factor. See Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App. 1972, 261 So.2d 540. Nevertheless, appellant contends that there are some limitations upon the discretion of the trial judge in setting aside defaults. See Lawn v. Wasserman, Fla.App. 1969, 226 So.2d 261; Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107. It is urged that the court committed a gross abuse of discretion when it granted the motion to set aside default because the motion alleged no reasonable basis upon which the court could have determined that the appellee was guilty of mere excusable neglect.
Appellant's complaint in an automobile negligence suit was filed against Deatrick Leasing Company on March 19, 1971. The summons was returned showing service upon the defendant by serving Mr. Carl Hargis, "Vice Pres[ident] in the absence of Pres[ident] and all other heads". A default was entered against Deatrick Leasing Company on June 23, 1971. The motion to set aside default was filed February 29, 1972. The motion to set aside default alleges first that the correct name of defendant is Deatrick Leasing Corporation. The only other ground alleged is that the summons and complaint were never brought to the attention of defendant. Attached to the motion is an affidavit which sets forth (a) that the defendant is a national corporation and that it has an established procedure for the processing of all summonses and complaints which are served; and (b) that the established procedure was not followed in this case because the first knowledge the defendant had of the suit was a notice of default sent to it by certified mail. By way of embellishment, the affidavit recited that although Mr. Hargis was an experienced and knowledgeable manager on April 7, 1971 when service of process was effected, yet somehow the summons and complaint were not forwarded to the corporation's insurance department, and now the appellee is unable to determine what actually happened because Mr. Hargis resigned on October 29, 1971 and his present whereabouts are unknown.[1] It is our opinion *370 that although this definition of excusable neglect amounts to no more than an assertion of corporate inefficiency, nevertheless it cannot be logically distinguished from the corporate neglect held to be excusable neglect in North Shore Hospital, Inc. v. Barber, supra.
Accordingly, the order setting aside default is affirmed.
NOTES
[1] * * * * *
"I further state that the said Carl Hargis, having been employed by PepsiCo Truck Rental, Inc. in the Miami location and also in Atlanta, Georgia, was well and truly knowledgeable of the reporting procedures aforesaid; and the said Carl Hargis did supervise and refer to the insurance department in Tulsa, Oklahoma almost 300 claims during his tenure in the Miami operation; and, further that there is no reason to believe that this matter would have been handled or treated in any way different from those procedures aforesaid had service been lawfully and dutifully rendered.
"I further state that our first knowledge of this action was upon receipt of Notice of Default filed by certified mail under receipt number 711886 without return receipt requested dated November 1st, 1971 from the law offices of Fuller Brumer, Moss, & Cohen of Miami, Florida, and that same was promptly refered [sic] to the said insurance department and the insurance carrier.
"I further state that the said Carl Hargis did resign and terminate his employment on October 29th, 1971 from the said Deatrick Leasing Corp. and PepsiCo Truck Rental, Inc. and his present whereabouts are unknown. To the best of my knowledge and belief, service of process in the above styled action was never received by employees of the said Deatrick Leasing Corp. or PepsiCo Truck Rental, Inc."
* * * * *