Gabriel A. BURY, Plaintiff-Appellant,

v.

C. D. McINTOSH, Jr., Individually and as Director, Department of Electric and Water Utilities, City of Lakeland, Florida, et al., Defendants-Appellees.

No. 76–2459

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1976.

Rehearing and Rehearing En Banc Denied Nov. 26, 1976.

Gabriel A. Bury, pro se.

Stephen C. Watson, Asst. City Atty., Lakeland, Fla., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Gabriel A. Bury filed this civil action for damages and injunctive relief pursuant to the provisions of 28 U.S.C. §§ 1331 & 1343, the 14th Amendment and 42 U.S.C. § 1983. Upon the conclusion of a trial before the court, judgment was entered for the defendants.

Plaintiff was employed from March 1971 until August 1974 as an engineer in the Electric and Water Utilities Department (Utilities Department) of the City of Lakeland, Florida. After being denied a merit raise, Bury filed a complaint under the city's grievance procedure on May 31, 1974. Subsequent complaints based on the same facts were filed during the ensuing weeks. Based on conflicting evidence, the trial court found that Bury was advised by defendant McIntosh on August 1, 1974 that Bury could no longer work for the Utilities Department. McIntosh offered Bury two alternatives: 1) submit his resignation, or 2) be terminated pursuant to the rules and procedures of the City's Civil Service Board, which included the opportunity for a hear-

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

ing. Bury was given one week to consider these alternatives. After consulting with attorneys, Bury submitted his resignation on August 8, to become effective August 22, 1974. On the latter date, Bury made written demand upon the City's Civil Service Board for a hearing on his resignation. The Board ruled on October 11, 1974 that Bury had voluntarily resigned and was not entitled to a hearing.

Bury asserted at trial as he does also on appeal that as an employee of the Utilities Department for over three years, he had developed an expectancy of employment and could not be terminated without notice of charges against him and a prior hearing. He contended that he did not voluntarily resign but instead was coerced. The actions of the City were alleged to deny his right to due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States. It was further alleged that the dismissal damaged Bury's reputation and would create a stigma obstructing his opportunities for future employment elsewhere. Reliance was placed on *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and other authorities.

Bury sought to show coercion in order to have his rights adjudicated under the standards applicable to involuntary dismissal. The court devoted the initial stages of the trial to determining the voluntariness of the resignation. Among the alleged instances of coercion were asserted statements by defendant McIntosh that if Bury resigned he would receive favorable employment references, otherwise he would be fired and would not receive such references. Another was that on August 8, 1974, plaintiff was refused his final paycheck unless he signed a form stating that he voluntarily resigned.

The district court denied relief on the basis that though plaintiff had been offered procedures which would comport with due process, he voluntarily resigned and thereby prevented the utilization of these procedures. Not finding the district court's con-

clusion as to voluntariness clearly erroneous, we do not disturb it. Fed.R.Civ.P. 52(a). Certainly no process is due when an employee voluntarily resigns his position; therefore no wrongful acts on the part of the city or its agents have been shown. Even if we were to assume that Bury had been told that he would be terminated after hearings before the City's Civil Service Board, we do not believe this intimated that he had no viable alternative between resigning or submitting himself to grievance procedures. The statement would not be coercive without a corollary assertion that the employees of the Utilities Department could control the functioning of the civil service grievance procedures or that plaintiff so believed. The asserted statements made to plaintiff about termination are especially lacking in coercive significance in light of plaintiff's receipt of legal advice before agreeing to resign.

Bury also complains that he did not receive an adequate hearing on his complaint because his attorney conspired with defense attorneys to keep evidence favorable to him from the attention of the trial court, and in other ways proved to be inadequate counsel. We make no comment on these allegations other than to say that the merits or demerits of an attorney's representation in a civil action are not grounds for invalidating a verdict. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 633–4, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Any relief Bury may receive will have to come in a separate action for damages against his counsel. *Id., Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir. 1973).

The findings of the trial court were supported by the record and are not clearly erroneous. Fed.R.Civ.P. 52(a). Bury was denied no process which was due under the United States Constitution. The judgment appealed from is

AFFIRMED.