389 So.2d 324 (1980)
NATIONAL PREMIUM BUDGET PLAN CORPORATION, Appellant,
v.
ALL AMERICAN ASSURANCE COMPANY, Appellee.
No. 80-1283.
District Court of Appeal of Florida, Third District.
October 21, 1980.
*325 Meyers, Kaplan, Levinson, Kenin & Richards and Bruce J. Berman, Miami, for appellant.
Smathers & Thompson and George Volsky and Jose R. Garcia-Pedrosa, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and LILES, WOODIE A. (Ret.), Associate Judge.
PER CURIAM.
The order of the trial court setting aside a default and default judgment entered against All American Assurance Company is reversed with directions that the judgment in favor of National Premium Budget Plan Corporation be reinstated.
Excusable neglect sufficient to warrant vacating a default is not shown by mere proof that the defendant relied upon another to defend the action, see Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); White v. Spears, 123 So.2d 689 (Fla. 3d DCA 1960). Nor does proof that the defendant, after being served with the complaint, moved its corporate offices, where such move did not involve losing, misplacing or misfiling of the complaint, compare North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976), or a failure to follow corporate procedures, Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972), establish excusable neglect. Where, as in the present case, counsel for the defendant, in possession of the complaint and fully aware of the precariousness of the defendant's position some four months before entry of the default judgment, compare Miami Commonwealth Realty Corp. v. Rinehart Volkswagen, Inc., 387 So.2d 530 (Fla. 3d DCA 1980), failed to move to vacate until after judgment was entered and nearly a year after service was effected, the trial court grossly abused its discretion in setting the default and default judgment aside.
Reversed.