407 So.2d 275 (1981)
Martine LACORE, Appellant,
v.
GIRALDA BAKE SHOP, INC., Appellee.
No. 81-772.
District Court of Appeal of Florida, Third District.
December 8, 1981.
Rehearing Denied January 6, 1982.
Paul & Thomson and Henry N. Adorno and Raul A. Arencibia, Miami, for appellant.
*276 Martin Levinson and Stephen R. Schneider, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Martine Lacore appeals from an order of the trial court denying her motion for relief from a final judgment of default entered in favor of appellee Giralda Bakeshop, Inc.
In August, 1979, Theodore Alder as president of the appellee corporation sold Giralda Bakeshop, Inc. (the bakery business, its name, equipment, tangible assets and goodwill) to Giralda French Bakery and Pastry, Inc., Robert Lacore and Martine Lacore. At the closing, the Lacores executed a promissory note for $82,000.00 as the balance of the purchase price and a security agreement listing as collateral all the equipment and tangible assets of the bakery. The parties also executed a lease with the Lacores and Giralda French Bakery and Pastry, Inc. as lessees and Theodore Alder and Addy Alder as lessors.
When the new owners failed to make the first payment on the note, the appellee sued for default and an order of default was entered on May 8, 1980. On May 14, 1980 the appellee was awarded a final judgment of default for the sum of $82,000.00 together with interest up to the date of this judgment in the amount of $5,466.66 and costs in the amount of $84.50, and attorney's fees of $2,500.00. In January of 1981, the appellant filed an answer and counter-claim and moved for relief from the final default judgment under Florida Rules of Civil Procedure 1.540(b). Appellant attached an affidavit to the motion for relief.
A party seeking to set aside a default judgment under Florida Rules of Civil Procedure 1.540(b)(1) must demonstrate that the neglect to respond to the order of default was excusable and that there exists a meritorious defense. The court will also consider whether the movant subsequently demonstrated due diligence in seeking relief. B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla.3d DCA 1981). Here appellant states a meritorious defense in her answer by claiming that appellees' failure to notify her before sale or disposition of collateral listed in the security agreement precludes an action for any deficiency against her. Thomas v. Sutherland, 370 So.2d 12 (Fla. 1st DCA 1978); Washington v. First National Bank of Miami, 332 So.2d 644 (Fla.3d DCA 1976); § 679.504(3), Fla. Stat. (1979). Appellant's statement in her affidavit that she did not respond to the order of default on the advice of her attorney is, however, not a basis for finding excusable neglect under Florida Rules of Civil Procedure 1.540(b)(1). Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978); Bailey v. Deebold, 351 So.2d 355 (Fla.2d DCA 1977); Sun Finance Corp. v. Friend, 139 So.2d 484 (Fla.3d DCA 1962).
The lack of excusable neglect is not fatal to appellant's quest for relief. Appellant also claims relief from the judgment of default under Florida Rules of Civil Procedure 1.540(b)(3).[1] By affidavit, appellant claims appellee had taken possession of the bakery and repossessed and sold the equipment before initiating its complaint for damages and that by failing to inform the court of these actions, appellee misrepresented to the court the amount and nature of the monetary obligation of appellant and other named defendants.
Rule 1.540(b)(3) is a rule providing for equitable relief and is to be liberally construed. See, e.g., Pearlman v. Mount Sinai Hospital of Greater Miami, Inc., 405 So.2d 764 (Fla.3d DCA 1981). The nature of a default judgment is such that a misleading statement by affidavit as to the amount of damages constitutes a misrepresentation by an adverse party for purposes of Rule 1.540(b)(3). See, e.g., Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976); Alexander v. First National Bank of Titusville, *277 275 So.2d 272 (Fla. 4th DCA 1973). We do not suggest that anytime a defendant fails to assert a meritorious affirmative defense of set-off, he may subsequently move for vacation of an adverse judgment under Rule 1.540(b)(3). In this case, the existence of a security agreement appears on, and is made part of, the promissory note. Under these circumstances, appellee's affidavit of proof and cost stating only that Adler elected to accelerate the payment of the balance when the first installment was not paid and that "to this date, I have not received any payments of any type on this note," without indicating that he had in fact repossessed the collateral and sold it in partial satisfaction of the indebtedness is a misrepresentation to the court of the amount of damages.
Appellant moved to vacate the default judgment within one year as required by the rule. Accordingly, we reverse the final judgment of default entered by the trial court and remand so that damages may be determined in accordance with Florida Rules of Civil Procedure 1.500(e).
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Fla.R.Civ.P. 1.540(b)(3) provides that a court may set aside a final judgment for fraud ... ., misrepresentation or other misconduct of an adverse party.