PER CURIAM.
Defendant appeals from an interlocutory order denying its motion to vacate a default. We reverse.
The corporate resident agent was served with a summons, complaint, request for production, and interrogatories. Under established procedure, he was to forward the papers to the defendant’s insurance company and law firm; however, the agent failed to do so in this instance. Several weeks later, the agent terminated his employment and it was not until after the default was entered that the new agent learned of the pending litigation and notified the proper parties.
Upon these facts, we find that the defendant has shown excusable neglect. As this court observed in Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972), wherein it was also alleged that the' corporate agent failed to follow the established procedure:
[i]t is our opinion that although this definition of excusable neglect amounts to no more than an assertion of corporate inefficiency, nevertheless, it cannot be logically distinguished from the corporate neglect held to be excusable neglect in North Shore Hospital v. Barber [143 So.2d 849 (Fla.1962) ].
267 So.2d at 369-70.
For the foregoing reason, we reverse and remand.