464 So.2d 1353 (1985)
Ward D. ZIMMERMAN, Appellant,
v.
VINYLGRAIN INDUSTRIES OF JACKSONVILLE, INC., Appellee.
No. BC-5.
District Court of Appeal of Florida, First District.
March 19, 1985.
Neil A. Malphurs, of Malphurs & Brown, Alachua, for appellant.
Steven R. Heller, Jacksonville, for appellee.
SHIVERS, Judge.
Appellant appeals the trial court's denial of his motion to vacate default and judgment. We reverse and remand.
On November 11, 1982, appellant Zimmerman executed a note in favor of appellee Vinylgrain Industries of Jacksonville (Vinylgrain), mortgaging two parcels of property in Alachua, Florida, for the principal sum of $20,000. Appellant asserts that by the terms of the agreement Vinylgrain was to make necessary improvements valued at $12,000 on one of the parcels. Vinylgrain was to apply the remaining $8,000 to pay off Zimmerman's mortgage to Blanche Leroy on parcel one, said satisfaction being part of the consideration. According to Zimmerman, Vinylgrain failed to satisfy the Blanche Leroy mortgage, however, *1354 and a suit was brought to foreclose on that mortgage. After the Leroy foreclosure action, Zimmerman ceased making payments to Vinylgrain on the second mortgage. Zimmerman asserts he believed that the foreclosure of the Blanche Leroy mortgage nullified the second, and forgot that the second mortgage included property not affected by the first. Zimmerman's home in Gainesville, along with his copies of documents pertinent to this action, were destroyed by fire.
Vinylgrain brought the action below to foreclose on its mortgage in March 1984. The summons and complaint were directed to Zimmerman's Gainesville home, but served on him at his new residence in Alachua by a deputy who knew of the fire and Zimmerman's relocation. Thereafter, however, all pleadings and notices were mailed to the Gainesville address, all of which Zimmerman claims he never received. Allegedly operating under the same mistaken belief that the Leroy foreclosure nullified the Vinylgrain mortgage, as well as the confusion and disturbance caused by the fire, Zimmerman failed to answer the complaint.
In April 1984, Vinylgrain moved for summary final judgment stating in its affidavit of indebtedness that the principal amount due was $18,750 with interest. Summary judgment of foreclosure on parcel number two was entered on June 1, 1984, with copies of the motion and judgment being mailed to Zimmerman's Gainesville address. Zimmerman maintains he did not learn of the pending sale until mid-June when it was discovered during a prospective buyer's title search. Appellant's motion to set aside default and judgment was filed on July 3, 1984, along with an answer, affirmative defenses, set-off and counterclaim. The motion was denied on July 18, 1984, and parcel number two was offered at public sale and purchased by Vinylgrain on July 13, 1984.
Appellant contends that Vinylgrain's affidavit, stating the principal amount due on the second mortgage to be $18,750, constituted a misrepresentation of the amount of damages. He asserts that the trial court erred in denying the motion to set aside based on misrepresentation by an adverse party. We agree.
The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. Northshore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Although an abuse of discretion is necessary in order to reverse a trial court's ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court's denial of a motion to vacate default as they do to reverse a grant of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). The Diaz court noted that "appellate courts ... have not hesitated to reverse lower courts for failure to vacate defaults where excusable neglect and due diligence are demonstrated." 351 So.2d at 1138. In addition to a demonstration of excusable neglect, many courts have indicated the necessity of a meritorious defense in order to vacate a default. Barber, supra; Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977); Chase Federal Savings and Loan Association v. Sober, 455 So.2d 1161 (Fla. 3d DCA 1984).
Appellant has acted with due diligence seeking vacation of his default and his response to plaintiff's complaint indicates a meritorious defense.
Appellant alleges that Vinylgrain committed fraud or misrepresentation by failing to fully and correctly depict to the court the agreement represented by the note (including the fact that $8,000 of the principal was to have been applied to satisfy the first mortgage) and its failure to satisfy the first mortgage. Therefore, the appellant contends he should be entitled to relief under Florida Rules of Civil Procedure 1.540(b). Rule 1.540(b) states:
On motion and upon such terms as are just, the court may relieve a party ... *1355 from a final judgment, decree, order or proceeding for the following reasons:
... .
(3) fraud ... misrepresentation or other misconduct of an adverse party... .
Such misrepresentation, as to the amount of damages, as alleged, has been held to constitute grounds for relief under Fla.R. Civ.P. 1.540(b). Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981); Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976). We therefore find that the lower court erred in denying defendant's motion to set aside default and judgment based on misrepresentation.
The alleged misrepresentation by Vinylgrain as to the amount due on the subject mortgage, and the alleged failure of Vinylgrain to apply the $8,000 to Zimmerman's mortgage to Leroy, coupled with Zimmerman's belief that the foreclosure of Zimmerman's earlier mortgage nullified the subject mortgage, warrant a full adversary hearing on the merits.
Accordingly, we reverse the trial court's order and we set aside the default, summary judgment of foreclosure, clerk's sale and certificate of title. The cause is remanded with appellant Zimmerman given authority to file his answer, affirmative defenses, set-off and counterclaim, and for further proceedings.
REVERSED and REMANDED.
MILLS and WENTWORTH, JJ., concur.