512 So.2d 1029 (1987)
Peter Stanwood HERRICK and Ingrid S. Herrick, Appellants,
v.
SOUTHEAST BANK, N.A., Appellee.
No. 86-2202.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied October 13, 1987.
Cohen & Silver and Robert H. Yaffe and Patricia Silver, Miami, for appellants.
Haley, Sinagra, Perez and Sara R. Robinson, Miami, for appellee.
*1030 Before SCHWARTZ, C.J. and NESBITT and BASKIN, JJ.
SCHWARTZ, Chief Judge.
If a defendant, however reasonably, relies on another to defend an action against him, he may seek relief from the consequences of the latter's failure timely to do so only if that person has been excusably neglectful.[1]National Premium Budget Plan Corp. v. All American Assurance Co., 389 So.2d 324, 325 (Fla. 3d DCA 1980) ("Excusable neglect sufficient to warrant vacating a default is not shown by mere proof that the defendant relied upon another to defend the action."). In this case, the totally unexplained failure of the defendants-mortgagors' retained lawyer,[2] who had been properly noticed by the plaintiff-mortgagee of its motions for default and summary judgment, to respond by filing defensive pleadings, affidavits, or even by appearing at the hearing, was certainly neglectful. It was not, however, excusably so and thus does not justify setting aside the default and default judgment of foreclosure which as a result were entered against his clients.[3]National Premium Budget Plan, 389 So.2d at 324 (inexcusable neglect of lawyer); White v. Spears, 123 So.2d 689 (Fla. 3d DCA 1960) (same); see Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977) (inexcusable neglect of insurance company); compare Coastal States Mortgage Corp. v. Commonwealth Savings & Loan Association of Florida, 497 So.2d 917 (Fla. 3d DCA 1986) (excusable neglect of attorney basis for setting aside default).
The defendants separately claim that the appellee's supporting affidavits overstated the amount due on the mortgage and that they were thus entitled to relief from the judgment to that extent under Fla.R.Civ.P. 1.540(b)(3) (relief from judgment may be granted for "fraud ... misrepresentation or other misconduct"). See, e.g., Zimmerman v. Vinylgrain Industries of Jacksonville, Inc., 464 So.2d 1353 (Fla. 1st DCA 1985); Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981), and cases cited. We find, however, that no fraud or misrepresentation, as required by the rule and the cited cases, has been demonstrated. At most, an arguable miscalculation was involved which may have constituted a defense if appropriately raised below, but does not permit setting aside the regularly entered judgment. See Lacore, 407 So.2d at 277 ("We do not suggest that anytime a defendant fails to assert a meritorious affirmative defense of set-off, he may subsequently move for vacation of an adverse judgment under Rule 1.540(b)(3).").
Affirmed.
NOTES
[1] Of course, a meritorious defense and, almost invariably, due diligence in seeking relief from the default judgment or order are also required. Unlike excusable neglect, these elements seem to be present in this case.
[2] The attorney, who is not the appellants' present lawyer, made a formal appearance in the cause, apparently in order to negotiate a settlement, but never filed an answer or any other pleading or paper. When months went by with no progress toward resolution by the Herricks, the mortgagee Southeast, after due warning and appropriate notice to counsel, proceeded to obtain the default-final-summary-judgment of foreclosure which the appellants, through new counsel, then moved to set aside.
[3] Were the rule with respect to lawyers otherwise  that is, if the defendant could secure relief from the negligence of his lawyer on the ground that he, the client, acted "excusably" in hiring a competent professional to represent him  no litigation could ever be safely conducted or finally resolved. Instead, the client must be held bound by his lawyer's actions. McArthur v. State, 303 So.2d 359 (Fla. 3d DCA 1974). While the attorney, in turn, is liable to the client for his conduct, it may not affect the rights of the party opponent. See Bury v. McIntosh, 540 F.2d 835, 836 (5th Cir.1976) ("[T]he merits or demerits of an attorney's representation in a civil action are not grounds for invalidating a verdict... . Any relief [client] may receive will have to come in a separate action for damages against his counsel."); cf. Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA 1973), cert. denied, 279 So.2d 305 (Fla. 1973).