PER CURIAM.
Defendant, Continental Casualty Co., Inc., appeals the denial of its motion to set aside a clerk’s default and subsequent entry of default final judgment. For the following reasons, we reverse.
Defendant, a surety, was served with a foreclosure suit on a construction bond. After a delay of ten days, defendant forwarded the complaint to its principal, requesting that the principal provide a defense and timely answer the complaint. Due to a number of alleged snafus within the principal’s risk management hierarchy, the complaint was not answered within the time provided by the rules. Upon plaintiffs motion, the clerk entered a default against the defendant. Defendant promptly moved to set aside the default. The trial court denied defendant’s motion and entered a final judgment after default.
Plaintiff has stipulated to the due diligence and meritorious defense prongs of the default set-aside test, leaving only the question of whether defendant’s delay was excusable neglect. While we would hope for better compliance with the rules from a surety presumably accustomed to lawsuits, our prior decisions compel us to give defendant the benefit of its reasonable reliance on its principal. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). Because the delay of the principal itself also constituted excusable neglect, see Herrick v. Southeast Bank, 512 So.2d 1029 (Fla. 3d DCA 1987), the trial court abused its discretion in failing to set aside the default.
Reversed and remanded.