COBB, J.,
dissenting.
A party seeking to set aside a default has the burden in the trial court of establishing excusable neglect and the existence of a meritorious defense. Jerry’s Pizza King International v. Peoples Acceptance Corp., 435 So.2d 393 (Fla. 5th DCA 1983). On appeal from the trial court’s ruling, reversal is proper only upon a showing of a gross abuse of discretion. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962).
The defendant presented the affidavit of its registered agent who averred that she was served with the plaintiffs complaint on or about April 1,1997 and forwarded it to the defendant’s attorney. Interestingly, the agent avers that she does not recall when she forwarded the documents, that because of a heavy workload, she may not have forwarded the documents immediately. The agent added that when she received the documents, she believed, based upon what she was told by the defendant’s attorney several years earlier, that she was no longer the defendant’s registered agent.
In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA), rev. denied, 476 So.2d 674 (Fla.1985), the court explained that a default will not be set aside where the defaulted party or his attorney: (1) simply forgot, or (2) intentionally ignored the necessity to take appropriate action. In this case, the registered agent’s affidavit is clearly susceptible to the conclusion that she received service of process but failed (i.e., forgot) to forward the documents to the defendant’s counsel in a timely manner. Inaction due to forgetfulness does not typically establish excusable neglect. See Orlando Partners, Ltd. v. Classic Tour Lines, 492 So.2d 1117 (Fla. 3d DCA 1986), rev. dismissed, 497 So.2d 1217 (Fla.1986). This case is distinguishable from Misty Lake Condominium Association, Inc. v. Schwartz, 432 So.2d 638 (Fla. 3d DCA 1983) and the cases cited therein which involved inaction by a resident agent. In those cases, there was testimony as to an established procedure utilized by the registered agent. In this case, the agent testified to no established procedure or routine and in fact believed she was no longer the resident agent for the defendant. Under these circumstances, the trial court did not commit a gross abuse of discretion in concluding that the defendant failed to establish neglect which may be excused.
Accordingly, I dissent.