ROTHENBERG, J.
After the defendant, Tavarus Lightsey, who was represented by counsel in the trial court and who is represented by counsel in this appeal, failed to avail himself of the opportunities he had to seek correction of his illegal sentence, he now seeks relief from this Court. Were the error not so obvious, we would deny him his relief at this juncture and require him to comply with his legal obligations, which undoubtedly would obviate the need for any judicial labor by this Court.
*617 In this appeal, Lightsey challenges his life sentence for an armed robbery he committed when he was sixteen years old, which the trial court imposed after Light-sey violated his probation. In challenging his life sentence, Lightsey relies on the United States Supreme Court’s decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which was decided prior to the imposition of Light-se/s life sentence. In Graham, the Court held that unqualified life sentences for non-homicide offenders categorically constitute cruel and unusual punishment when imposed on persons who were minors when they committed the crime. As Lightsey was sixteen years old when he committed the armed robbery, his unqualified life sentence was an illegal sentence.
We note that although Graham was decided in 2010, defense counsel failed to object to the life sentence on this basis either at the time of sentencing on June 30, 2011, or in his objections to the sentence filed in the trial court on July 7, 2011. We also note that while Florida Rule of Criminal Procedure 3.800(a) does not permit a party to “file a motion to correct an illegal sentence during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal,” rule 3.800(b) specifically provides a mechanism for the correction of an illegal sentence that is apparent from the face of the record under the following circumstances. Rule 3.800(b)(1) provides that a motion to correct an illegal sentence may be filed in the trial court “[djuring the time allowed for the filing of a notice of appeal of a sentence.... ” If a motion is filed under subdivision (b)(1), the motion shall stay rendition of the sentencing order. Fla. R. Crim. P. 3.800(b)(1)(A). Further, rule 3.800(b)(2) provides that if an appeal is pending, appellate counsel is permitted to file and serve a motion to correct illegal sentence in the trial court before the party’s first appellate brief is served, and if a motion is filed in the trial court, appellate counsel shall file in the appellate court a notice of pending motion to correct an illegal sentence, which notice extends the time for filing the brief.
Thus, instead of seeking to resolve this clear sentencing error in this Court, the following steps could have been taken by defense counsel or appellate counsel. First, defense counsel should have brought this sentencing error to the trial court’s attention at the sentencing hearing or addressed the error in the motion he filed after sentencing. Second, Lightsey or defense counsel could have filed a motion to correct an illegal sentence under rule 3.800(b)(1) before the notice of appeal was filed. Third, under 3.800(b)(2), prior to filing Lightsey’s initial brief, appellate counsel could have filed a motion to correct illegal sentence in the trial court, and notified this Court of the pending motion to correct illegal sentence. While defense counsel may not have been aware of the United States Supreme Court’s 2010 holding in Graham at the time of sentencing in 2011, it is clear that appellate counsel was aware of that decision prior to the filing of his initial brief on July 19, 2012, as the initial brief raises the decision in Graham as the sole ground for reversal of the sentence. It is therefore incomprehensible why appellate counsel did not seek to correct the error in the trial court, which based on the clear mandate by the United States Supreme Court most certainly would have been successful. Instead, appellate counsel pursued this appeal and requested an oral argument to address the issue.
Equally troubling is the State’s response. Rather than simply confessing error and proceeding to a resentencing, the State is seeking an affirmance without *618 prejudice to the defendant to file a rule 3.800(a) motion to correct an illegal sentence after this Court issues its mandate, based on the defendant’s failure to first raise the issue with the trial court. Although we recognize that the defendant’s argument on appeal was not preserved for appellate review, and a claim that a sentence is unconstitutionally cruel and unusual under the Eighth Amendment must be properly preserved to be raised on appeal, see Gore v. State, 964 So.2d 1257, 1276 (Fla.2007); Perez v. State, 919 So.2d 347, 377 (Fla.2005); Floyd v. State, 913 So.2d 564, 578 (Fla.2005), because the error is clear and defense counsel’s failure to properly preserve the argument clearly constitutes ineffective assistance of counsel, the State should have conceded the error and put an end to the appellate wheel spinning. Accordingly, we reverse and remand for the imposition of a legal sentence.
Reversed and remanded for resentenc-ing.