SCHWARTZ, Senior
Judge, dissenting.
I believe that:
a) The trial court did not abuse its discretion in the ruling under review on the basis of a clear showing that the appellant had violated the rules of court in several significant respects. The fact that this occurred through, and as a result of the negligence of its chosen attorney (who also failed to preserve its position below) makes no difference. In the end, that negligence is attributed only to the client and certainly not to the appellee, much less to the trial court. See Herrick v. Southeast Bank, 512 So.2d 1029 (Fla. 3d DCA 1987); and
b) Returning the case to the court below for the purely formulaic purpose of expressing in writing what we already know to be true is no more than judicial “wheel spinning” which we should avoid, not en *508 courage. See Lightsey v. State, 112 So.3d 616 (3d DCA 2013).