CLARK, J.,
dissenting.
Plain and simple: it is ineffective assistance of counsel to fail to object to an illegal sentence. This is the only statement of law necessary to this case. And most importantly, the majority agrees with this statement in its entirety. Because it is legion failing to object to an illegal sentence is ineffective assistance of counsel,[1] *468 no further considerations remain. Mr. El-more’s sentence should be reversed because his counsel was — undeniably and incontestably — ineffective.
The majority uses preservation principles from a wholly different context to deny Mr. Elmore what is patently clear— even to the majority: his counsel should have objected to his sentence, and his counsel was constitutionally deficient for his failure to do so. There is no authority for the proposition that an ineffective assistance of counsel claim must be preserved. Yet this is what the majority demands. For authority, the majority cites this Court’s decision in Austin v. State, 158 So.3d 648, 651-52 (Fla. 1st DCA 2014).
Austin had nothing to do with ineffective assistance of counsel. Austin merely stands for the unremarkable, well-known proposition that sentencing errors must be preserved by Rule 3.800(b) motion. Period. Nothing more. No rule or case suggests that a claim of ineffective assistance of counsel must be preserved. This is a direct appeal alleging ineffective assistance of counsel-, Austin was a direct appeal alleging a sentencing error. The two are governed by different standards.
The Florida Supreme Court, and this Court, have been clear: sentencing errors must be preserved. Jackson v. State, 983 So.2d 562 (Fla.2008); Gore v. State, 964 So.2d 1257, 1276 (Fla.2007) (a claim that a sentence is unconstitutionally cruel and unusual under the Eighth Amendment must be preserved). But this was not a sentencing error, this was ineffective counsel. The majority cites no authority for its conflation of the two distinct claims or its conclusion ineffective assistance of counsel claims must be preserved.[2]
Not to mention, our sister court has reversed an illegal sentence, where the claim was actually the illegality of the sentence, despite the failure to preserve such a claim. Lightsey v. State, 112 So.3d 616, 616-17 (Fla. 3d DCA 2013). The Third District recognized that even though the claim was actually an illegal sentence claim and therefore unpreserved, the illegality was “clear and defense counsel’s failure to properly preserve the argument clearly constitutes ineffective assistance of counsel.” Id. at 617-18. The court, to “put an end to the appellate wheel spinning,” reversed the patently illegal sentence and remanded for the court to impose a legal sentence.' Id. at 618.
Here, the majority opinion takes a eon-cededly ineffective counsel and uses an inapplicable standard to demand Mr. El-more preserve an ineffective assistance claim. While the majority placates Mr. Elmore by suggesting he file 3.850 motions or ineffective assistance of appellate counsel claims, it fails to sufficiently state why his present ineffective assistance of counsel appeal must fail. Just because he could use other avenues does not mean he cannot pursue this avenue.
This Court need not continue this appellate wheel spinning. Because there is no support for the majority’s holding that in *469 effective assistance of counsel claims must be preserved, I dissent.

. While the majority relies on “caution" in the "rare” use of ineffective assistance of counsel on direct appeal, its reliance is misplaced. Never has this Court, or any other, found failing to object to an illegal sentence effective assistance. Instead, the cases are legion, and the majority agrees, it is ineffective assistance to fail to object. Always. The *468 majority cites nothing to the contrary. So as here, where the law clearly and beyond per adventure circumscribes an action and the record unquestionably shows counsel took that action, “caution” and "rarity” are simply not issues.

. Taken to its end, this presents a dangerous, slippery slope where every ineffective assistance of counsel claim is subject to the preservation requirement of contemporaneous objection. It would be fantastical to suggest the ineffective counsel or the defendant himself would have to object at trial to the very thing it then claims counsel was ineffective for doing or not doing. Ineffective assistance claims would become meaningless. We now, start down that path.