# Supreme Court of Florida

———————

No. SC14-2215
———————

**RAYMOND M. AUSTIN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 14, 2016]

PER CURIAM.

We initially accepted jurisdiction to review the decision of the First District Court of Appeal in Austin v. State, 158 So. 3d 648 (Fla. 1st DCA 2014), based on express and direct conflict with the decision of the Third District Court of Appeal in Lightsey v. State, 112 So. 3d 616 (Fla. 3d DCA 2013). See art. V, § 3(b)(3), Fla. Const. After further consideration, we conclude that jurisdiction was improvidently granted. Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring.

I do not dissent from the decision to discharge jurisdiction in this case, but only because juvenile offender Raymond Austin will still be afforded an opportunity to seek correction of his apparently unconstitutional sentences in light of this Court's recent juvenile sentencing decisions in Henry v. State, 175 So. 3d 675 (Fla. 2015), and Horsley v. State, 160 So. 3d 393 (Fla. 2015). I write separately to highlight my disagreement with the First District Court of Appeal's conclusion that Austin failed to preserve his illegal sentencing claims that were based on emerging precedent from the United States Supreme Court in Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012).

Although this was not the conflict issue upon which this Court's jurisdiction was premised, nor was it specifically briefed by the parties, the record is clear that Austin argued about the effect of Graham and Miller during the sentencing proceedings and recognized that the law at that time remained unclear as to the appropriate sentencing options for the trial court to consider. The First District, in fact, noted this point. See Austin v. State, 158 So. 3d 648, 651 (Fla. 1st DCA

- 2 -

2014) (stating that Austin's counsel informed the trial court that "the law 'has been very muddled as far as what would be constitutional and what would not be' ").

In other words, this is not a case in which the <u>Graham</u> and <u>Miller</u> issues were never raised in the trial court and then all of a sudden became the focus of the appeal. The First District's holding that Austin's illegal sentencing claims were unpreserved imposed an unduly high burden on Austin to precisely articulate the parameters of the sentences the trial court could consider, when even the district courts of appeal had at that point provided very little guidance—and, sometimes, actually contradictory guidance—as to the available sentencing options.

Indeed, the irony is that if Austin had filed a motion under Florida Rule of Criminal Procedure 3.800(b), seeking to correct his illegal sentences as the First District asserted he should have, the trial court would have been constrained to deny the motion because controlling case law had held that Austin's sentences were <u>not</u> illegal. Of course, both of the then-controlling First District cases have since been quashed by this Court, which has now provided clarity as to the effect of <u>Graham</u> and <u>Miller</u> on juvenile offenders in Florida. <u>See</u> <u>Gridine v. State</u>, 89 So. 3d 909 (Fla. 1st DCA 2011), <u>quashed</u>, 175 So. 3d 672 (Fla. 2015); <u>Thomas v. State</u>, 135 So. 3d 590 (Fla. 1st DCA 2014), <u>quashed</u>, 2015 WL 5178605 (Fla. Sept. 4, 2015).

With this observation in mind, I concur in the decision to dismiss review. The trial court should entertain a proper motion from Austin to correct his sentences in light of this Court's recent decisions in <u>Henry</u> and <u>Horsley</u>.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

First District - Case No. 1D13-1046

(Duval County)

Christopher James Anderson, Neptune Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, Florida,

for Respondent