# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30531

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2017

Lyle W. Cayce
Clerk

STACY LEBEOUF,

       Plaintiff – Appellant,

v.

BAIN MANNING, in his individual and official capacity as the Human Resource Director of the LSU Health Science Center - Leonard J. Chabert Medical Center,

       Defendant – Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2583

---

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

    Stacy LeBeouf sued Bain Manning, her employer's human resource director, in his individual and official capacities under 42 U.S.C. § 1983 for violations of her due process rights related to her resignation from her position as a nurse. After a jury found in favor of Manning, LeBeouf filed a motion for judgment as a matter of law or for a new trial, which the district court denied.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30531

LeBeouf now appeals the district court's denial of these post-trial motions.  We AFFIRM.

## I.

Stacy LeBeouf worked as a nurse at the Leonard J. Chabert Medical Center (the Hospital) for twenty-five years. In October 2011, LeBeouf's immediate supervisor reported a decline in LeBeouf's work product quality as well as numerous instances of unusual behavior that she suspected to be the result of alcohol or drug use. The supervisor completed a "reasonable cause observation checklist" intended to assist in referring LeBeouf for drug screening. Shortly after the supervisor reported LeBeouf's behavior, Bain Manning, the Hospital's Human Resource Director, informed LeBeouf that she was being suspended with pay for thirty days and must immediately submit to a drug screening. Instead of submitting to the drug screening, LeBeouf chose to immediately resign.

LeBeouf sued Manning under 42 U.S.C § 1983, claiming that she was constructively discharged from her employment at the Hospital without due process of the law. LeBeouf's § 1983 pre-deprivation procedural due process claim was tried in front a jury. After two-and-a-half days of witness testimony, the jury returned a verdict in Manning's favor, finding that LeBeouf "chose freely to resign" from the Hospital. The district court entered judgment in Manning's favor, dismissing LeBeouf's case with prejudice. LeBeouf subsequently filed a motion for judgment as a matter of law or for a new trial. The district court denied these motions. LeBeouf appeals the district court's denial of her post-trial motions.

## II.

We review denials of motions for judgment as a matter of law under Federal Rule of Civil Procedure 50 *de novo*, applying the same standard as the district court. *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d

No. 16-30531

475, 481 (5th Cir. 2008). "In resolving a motion for judgment as a matter of law, 'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Kevin M. Ehringer Enters. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). This court "cannot reverse a denial of a motion for judgment as a matter of law unless . . . the legal conclusions implied from the jury's verdict cannot in law be supported by those findings." *Am. Home Assurance Co. v. United Space All., LLC,* 378 F.3d 482, 488 (5th Cir. 2004). We review a district court's denial of a motion for a new trial for abuse of discretion. *Alaniz v. Zamora-Quezada,* 591 F.3d 761, 770 (5th Cir. 2009).

## III.

The many points LeBeouf raises on appeal can be reduced to two arguments. First, LeBeouf argues that the district court erred in denying her motions for judgment of a matter of law because "this Court's jurisprudence and the great weight of evidence in this case establish that [LeBeouf] was constructively discharged by [Manning]." Second, LeBeouf argues that even if we sustain the jury's verdict that she resigned "freely," the district court erred when it determined that this finding was dispositive of all of her due process claims. Neither of LeBeouf's arguments are persuasive.

LeBeouf argues that our precedent and the evidence presented at trial establish that she was constructively discharged by Manning. However, the jury made a finding on this precise factual issue when it returned a verdict that LeBeouf "chose freely to resign" from her employment at the Hospital. "A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296–97 (5th Cir. 2005). Here, the jury's finding that LeBeouf resigned freely was supported by ample evidence in the trial record, including

testimony that LeBeouf resigned to avoid taking the drug test and that she was not coerced into resigning by threats of inpatient hospitalization. Simply put, we give broad deference to the jury's verdict and we find no reason to disrupt the jury's verdict. *Id.*

LeBeouf argues in the alternative that the district court erred in denying her a new trial because the jury's finding that she resigned "freely" was not dispositive of all of her claims under § 1983. Specifically, LeBeouf contends that the jury's verdict did not address whether her resignation constituted a "knowing and intelligent" relinquishment or waiver of her right to pre-termination due process. The first question that the verdict form asked of the jury was whether they found by a preponderance of the evidence LeBeouf "chose freely to resign from Chabert Hospital?" If the jury answered "Yes," the verdict form instructed them that their work was done and to not answer any additional questions. LeBeouf explicitly agreed to this particular structure of the verdict form.[1] At no point while discussing the verdict form with the district court did LeBeouf contend that the jury's finding that she resigned "freely"

---

[1] In discussing the verdict form with the parties, the district court specifically inquired from LeBeouf's counsel, Mr. Smith, whether a finding that LeBeouf freely resigned would be dispositive of all of her claims:

> Court: "Do you find by a preponderance of the evidence that Stacy LeBeouf chose to freely resign from Chabert Hospital?" Mr. Smith, you agree that if they find yes to that you lose, right?
>
> Smith: I'm sorry, would you restate that, Your Honor?
>
> Court: Look at his proposed jury interrogatories 1 through 4.
>
> * * *
>
> Smith: Well, I don't have any problem with number 1.
>
> * * *
>
> Court: So it sounds like we can leave 1 in without any objection.

Later in the hearing, Mr. Smith again reiterated that he did not have any objection to the verdict form.

No. 16-30531

would not be dispositive of all of her claims. In any event, we conclude that the jury's finding that LeBeouf freely chose to resign is dispositive of all of her claims. *See Bury v. McIntosh*, 540 F.2d 835, 836 (5th Cir. 1976) ("Certainly no process is due when an employee voluntarily resigns his position."). The district court did not abuse its discretion when it denied LeBeouf's motion for a new trial. *See Alaniz*, 591 F.3d at 770.

## IV.

For the foregoing reasons, we hold that the district court did not err in denying LeBeouf's motion for judgment as a matter of law and motion for a new trial. Accordingly, the district court's judgment is AFFIRMED.