363 So.2d 29 (1978)
Goldie CANTER, Appellant,
v.
Jule HYMAN, Appellee.
No. 77-2346.
District Court of Appeal of Florida, Third District.
September 26, 1978.
Rehearing Denied October 27, 1978.
*30 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Bercuson & Cahan and David Bercuson, Coral Gables, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this interlocutory appeal from the trial court's order substituting personal representative as plaintiff and denying her motion to dismiss the cause of action pursuant to Florida Rule Civil Procedure 1.260. We reverse.
Appellant contends that the trial court erred in failing to dismiss the action pursuant to Florida Rule Civil Procedure 1.260(a)(1) because appellee failed to file an appropriate motion for substitution within 90 days after filing the suggestion of death. The pertinent portion of this rule reads as follows:
"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. * * * Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party."
In this case the suggestion of death was filed in January, 1976, and the motion for substitution was filed in October, 1977. Further the record is devoid both of any motion for extension of time within which to file a motion for substitution under Rule 1.260(a)(1) or an attempt to make a showing of any difficulty that might have delayed filing the motion for substitution. Alternatively, a request for an administrator ad litem could have been made. Under these circumstances, we believe that the trial court erred in failing to grant appellant's motion to dismiss the action. See King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla.2d DCA 1975). Accordingly, the order appealed is reversed with directions to the trial court to dismiss the action.
Reversed with directions.