467 So.2d 457 (1985)
KUEHNE & NAGEL, INC., a Florida Corporation, Appellant,
v.
ESSER INTERNATIONAL, INC., a Florida Corporation, Appellee.
No. 84-2040.
District Court of Appeal of Florida, Third District.
April 16, 1985.
*458 Cooper, Shahady, Frazier, Pugatch & Meyer and Michael J. Styles, Fort Lauderdale, for appellant.
Ronald L. Giroux, Abney, Diliberto, Booth, Sibley & Guttieres, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
On July 24, 1984, the day after the defendant-appellant's answer was due, the plaintiff took a default. On July 30, the defendant filed a motion to vacate which indisputably demonstrated several meritorious defenses and showed that the brief delay in pleading was caused by "excusable neglect," that is, the action of a clerk in the office of the defendant's New York attorney who mistakenly removed the complaint and summons from counsel's desk and filed them away. We conclude, as we have repeatedly in similar instances in the recent past, that the trial court's failure to set the default aside was a clear abuse of discretion. E.g., Wien v. Quayside Realty, Inc., 462 So.2d 569 (Fla. 3d DCA 1985) and cases cited; Huerta v. Saphin, 459 So.2d 438 (Fla. 3d DCA 1984); B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); see North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Savela v. Fisher, 464 So.2d 240 (Fla. 2d DCA 1985). As the court correctly summarized the law in Zimmerman v. VinylGrain Industries of Jacksonville, Inc., 464 So.2d 1353 (Fla. 1st DCA 1985):
The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Although an abuse of discretion is necessary in order to reverse a trial court's ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court's denial of a motion to vacate default as they do to reverse a grant of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
464 So.2d at 1354.
Reversed.