515 So.2d 336 (1987)
CREDIT GENERAL INSURANCE COMPANY, Appellant,
v.
John C. THOMAS, Appellee.
No. 87-753.
District Court of Appeal of Florida, Third District.
November 10, 1987.
*337 Lopez, Perez-Gurri & Goldman, Coral Gables, and Steven E. Goldman, Miami, for appellant.
Ferguson & Ferguson, P.A., and Randolph Q. Ferguson, Miami, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
PER CURIAM.
Appealing the trial court's denial of its motion to vacate a clerk's default entered for failure to file a timely response to appellee's complaint, Credit General Insurance Company [Credit General] asserts that it demonstrated the required excusable neglect, due diligence, and meritorious defenses warranting relief. We agree that Florida courts espouse a policy of permitting cases to be determined on their merits, North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); accordingly, we reverse.
Credit General received, but misplaced, the complaint. Upon receiving the notice that a default had been entered, it promptly sought to have the default set aside. In a separate pleading, it furnished the court with a proposed answer recounting meritorious defenses to appellee's claim for insurance coverage in connection with the disappearance of a vessel. Thus, having shown excusable neglect and the existence of meritorious defenses, Credit General was entitled to relief. In accordance with this court's opinion in Fortune Ins. Co. v. Sanchez, 490 So.2d 249 (Fla. 3d DCA 1986), we reverse.
BARKDULL and BASKIN, JJ., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent.
Credit General did not show excusable neglect or a meritorious defense until a second motion to vacate the default had been filed. I would affirm. See Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977).