516 So.2d 83 (1987)
CARTER, HAWLEY, HALE STORES, INC., a Delaware Corporation, Appellant,
v.
Stanley WHITMAN, Dudley A. Whitman and William F. Whitman D/B/a Bal Harbour Shops, Appellees.
No. 87-1781.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Blackwell, Walker, Fascell & Hoehl and Anthony D. Dwyer and Diane Tutt, Miami, for appellant.
Katz, Barron, Squitero & Faust and Robert C. Grady, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from an order denying a motion to vacate a default. The record shows that the tardiness in answering was occasioned by a neglectful, but understandable, breakdown in the corporate defendant's established practice which occurred when the complaint, which had been transmitted from Florida to the corporate secretary at the company's national headquarters in Los Angeles, became "lost" in a pile of unrelated documents on *84 the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response. It has been often held that such a scenario constitutes "excusable neglect,"[1]Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972); Kuehne & Nagle, Inc. v. Esser Int'l, Inc., 467 So.2d 457 (Fla. 3d DCA 1985); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972); Renuart-Bailey-Cheely Lumber & Supply Co. v. Hall, 264 So.2d 84 (Fla. 3d DCA 1972); Imperial Indust., Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla. 3d DCA 1972); see also Credit Gen. Ins. Co. v. Thomas, 515 So.2d 336 (Fla. 3d DCA 1987), and we do so again. Since it is conceded that the defendant presented a meritorious defense and that it acted with due diligence after discovering the default, we apply our established rules which militate against defaults and in favor of trying cases on their merits, see Kuehne & Nagle, Inc., 467 So.2d at 458, and reverse the order below.
Reversed.
NOTES
[1] The appellee relies upon a letter, concerning the ongoing dispute which was the subject of the case, which was mailed to the defendant and its general counsel after the filing of the complaint but before it was served. We cannot agree that this document, in which there was arguably some reference to the fact that an action had been commenced, had any effect either upon the duties of the general counsel or the defendant itself to respond to service which had not yet been effected or the degree of fault involved in not timely doing so.