PER CURIAM.
Diogenes D’Alacio appeals from an order denying his motion to vacate a default and final judgment. For the following reasons, we reverse.
In May, 1987, D’Alacio sued Intercontinental Bank for breach of implied warranty and conversion arising from the bank’s allegedly fraudulent completion of a guaranty which D’Alacio had signed in blank. Intercontinental answered and counterclaimed to enforce the guaranty which was the very subject of D’Alacio's claims of conversion and breach of warranty.
In February, 1988, D’Alacio substituted counsel. His previous attorney forwarded the case file in early March but omitted a copy of the counterclaim.
On March, 28, 1988, the bank moved for entry of a default on its counterclaim. A copy of that motion was served on D’Ala-cio’s counsel. D’Alacio responded on March 31 by way of a “Traverse to Motion for Default” and alleged ignorance of any counterclaim. On April 21, 1988, the trial court held a hearing on D’Alacio’s motion to amend his second amended complaint and, over D’Alacio’s objection, also heard *1291 argument on the motion for default.[1] The court simultaneously granted D’Alacio’s motion to amend and granted the bank’s motion for default on the counterclaim. On May 5, 1988, the trial court entered final judgment for $12,395.06 on the bank’s counterclaim.
D’Alacio moved to vacate the default and final judgment on the grounds that he was unprepared to argue against entry of the default on April 21, that he had not received notice of the hearing, and that he had a meritorious defense to the bank’s counterclaim. The trial court denied his motion.
The trial court abused its discretion in denying D’Alacio’s motion to vacate the default.
The purpose of a default judgment is to prevent a defendant from employing dilatory tactics during the pendency of a case; it is not intended to relieve the plaintiff [here the counterclaimant] of the burden of contesting his claim against the defendant or to afford any advantage to the plaintiff against any defense which the defendant may raise.
Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Publisher’s Vending Servs., Inc., 296 So.2d 570, 572 (Fla. 3d DCA), cert. denied, 305 So.2d 208 (Fla.1974).
This record reveals no evidence of dilatory tactics by D’Alacio’s counsel, who received the incomplete case file only a few weeks before Intercontinental moved for entry of a default on its counterclaim.
Before invoking the “long standing policy of liberality toward vacating of defaults,” North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962), we must determine whether D’Alacio’s counsel demonstrated excusable neglect and whether D’Alacio had a meritorious defense to Intercontinental’s claim on the guaranty. See B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). Both elements are present on the record before us.
D’Alacio’s replacement counsel received an incomplete file from his predecessor and was thus unaware that Intercontinental had filed a counterclaim and that an answer was overdue. His failure to file a timely response was excusable neglect. See, e.g., Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987) (excusable neglect shown where failure to file timely answer resulted from counsel losing complaint in pile of documents on his desk, and defendant acted with due diligence after discovering default); Credit Gen. Ins. Co. v. Thomas, 515 So.2d 336 (Fla. 3d DCA 1987) (excusable neglect shown where defendant received, but misplaced, complaint and promptly responded upon receiving notice of default).
The record further reveals D’Alacio’s meritorious defense to Intercontinental’s counterclaim. In his case in chief, D’Alacio alleged fraud and forgery in the completion of the guaranty — the same guaranty which was the subject of the bank’s counterclaim. The allegations of D’Alacio’s complaint are the same allegations which, if proven, would present a meritorious defense to an action to enforce the guaranty.[2]
Because the trial court abused its discretion in denying D’Alacio’s motion to vacate the default, we reverse and remand for further proceedings.
Reversed and remanded for further proceedings.
JORGENSON, J., and JOHN G. FERRIS, Associate Judge, concur.

. D’Alacio’s counsel’s secretary had inadvertently included the response to the motion for default in the notice of hearing on the motion to amend.

. D’Alacio in fact answered the counterclaim on May 13 and raised forgery of the guaranty as an affirmative defense.