COPE, Judge.
Defendant seeks review of orders granting a motion to substitute the personal representative in place of the deceased plaintiff, and denying defendant’s motion to dismiss under Rule 1.260(a), Florida Rules of Civil Procedure.[1] We affirm.
In the present case the suggestion of death was served and filed on February 2, 1989. The motion for substitution of the personal representative was served on May 2, 1989 (eighty-nine days after the suggestion of death) and filed on May 4, 1989 (ninety-one days after the suggestion of death).[2] Rule 1.260(a)(1) requires that the motion for substitution be “made” within ninety days after the suggestion of death, and the Rule specifies the means of service of the motion for substitution. In the absence of an express requirement that the motion for substitution be filed within ninety days, we conclude that the generic term “made,” when read in context, contemplates that the motion for substitution is timely if served or filed within ninety days. If served within ninety days, the motion is timely even if the original does not reach the clerk for filing until the ninety-day period has elapsed. See generally Fla.R.Civ.P. 1.080(d); Stroh v. Dudley, 476 So.2d 230 (Fla. 4th DCA) (Rule 1.260(a)(1) should be liberally interpreted to allow substitution of parties), cause dismissed, 482 So.2d 348 (Fla.1985); Provident Life & Accident Ins. Co. v. Lebo, 355 So.2d 195 (Fla. 3d DCA 1978) (same). The instant motion for substitution was therefore timely and the motion to dismiss was properly denied.
Affirmed; petition for prohibition or cer-tiorari denied.

. Defendant has filed an interlocutory appeal, see Canter v. Hyman, 363 So.2d 29 (Fla. 3d DCA 1978) (reviewing, by interlocutory appeal, order substituting personal representative as plaintiff and denying motion to dismiss pursuant to Rule 1.260), cert. denied, 368 So.2d 1368 (Fla.1979), and a petition for writ of prohibition or certiorari, see Nationwide Mutual Fire Ins. Co. v. Holmes, 352 So.2d 1233, 1234 (Fla. 4th DCA 1977) (order denying motion to dismiss under Rule 1.260(a) reviewable by certiorari when criteria for interlocutory appeal not met), which have been consolidated.

. We need not decide whether the ninety-day period of Rule 1.260(a)(1) runs from the date of filing of the suggestion of death, see Wilson v. Clark, 414 So.2d 526, 530 (Fla. 1st DCA 1982) or, as the text of the Rule suggests, from the date of service of the suggestion of death. See Fla.R. Civ.P. 1.260(a)(1) (motion for substitution must be made "within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion_”) (emphasis supplied).