PER CURIAM.
The defendants, The Partrade, Inc. and Olson Industries, Inc., appeal a non-final order denying their motion to vacate default. We reverse.
In June 1989, the plaintiffs, Joseph and Maria Marchiano, brought an action against the defendants seeking personal injury damages. The plaintiffs served the defendants’ registered agent on July 18, 1989. The registered agent forwarded the complaint to their insurance agent who delivered it to their insurance carrier, Home Insurance Company. Home Insurance received a copy of the complaint on August 14,1989, retained local counsel to represent the defendants and requested that the attorney verify that the defendants had been served. A review of the court file revealed that no return of service had been filed. In October 1989, the plaintiffs filed the return of service and a motion for default asserting that service had been perfected on the defendants on July 18, 1989. The trial court heard and granted the plaintiffs’ motion for default on December 11, 1989.
The defendants allege that they were not aware of what was occurring until January 8, 1990, when the defendants received a copy of the court’s order setting the case for trial. There was a misunderstanding that led Home Insurance as well as the local defense counsel to believe that no service of process had been perfected upon the defendants. Upon discovering the mistake, the defendants’ counsel immediately filed a motion to vacate the default, along with an answer and affirmative defenses. The trial court denied the defendants’ motion to vacate the default and the defendants appealed.
We agree with the defendants that the trial court erred and abused its discretion in refusing to vacate a default where the record demonstrated excusable neglect and a meritorious defense. A defendant’s neglect in responding to the complaint is excusable when the inadvertence was due to the mishandling or misfiling of suit papers. See Associated Medical Inst., Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); see generally, North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987); B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). *590 In the instant case, upon receiving the notice that a default had been entered, the defendants promptly sought to have the default set aside. The defendants’ motion to vacate the default judgment coupled with the affidavits from the litigation specialist with Home Insurance and the president/vice-president of The Partrade, Inc. and Olson Industries, Inc. established sufficiently that the summons and complaint were inadvertently mishandled. This mishandling led to a misunderstanding as to whether the complaint had been properly served upon the defendants. In addition, the defendants filed an answer and affirmative defenses stating its meritorious defenses to plaintiffs’ claim for damages. The defendants have shown excusable neglect and the existence of meritorious defenses. See Credit Gen. Ins. Co. v. Thomas, 515 So.2d 336 (Fla. 3d DCA 1987). Therefore, we find that the trial court abused its discretion in denying the motion to vacate the default.
Reversed and remanded for proceedings consistent with this opinion.