584 So.2d 15 (1991)
Philip J. SCUTIERI, Jr., Appellant,
v.
Samuel MILLER, Deceased, by and through His Estate or Personal Representative, Appellee.
No. 90-686.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing and Rehearing Denied and Clarification Granted September 16, 1991.
Hal Vogel, Miami, for appellant.
*16 Walton, Lantaff, Schroeder & Carson, G. Bart Billbrough and Geoffrey B. Marks, Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
Rehearing and Rehearing En Banc Denied and Clarification Granted September 16, 1991.
COPE, Judge.
Plaintiff Philip Scutieri appeals dismissal of his action against defendant Samuel Miller, deceased, for failure to substitute personal representative. We reverse.
Plaintiff sued defendant in tort. During the pendency of the action, defendant died. Defense counsel filed a suggestion of death pursuant to Rule 1.260, Florida Rules of Civil Procedure. Eight months later, plaintiff's counsel withdrew. The next day, defense counsel moved to dismiss for failure to move for substitution within the 90-day period prescribed by Rule 1.260. The motion was initially granted while plaintiff was without counsel, but plaintiff's new counsel timely moved for rehearing under Rule 1.530, Florida Rules of Civil Procedure, and alternatively for relief from judgment under Rule 1.540(b). The motion was supported by the affidavit of plaintiff's former counsel that he had never been served with the suggestion of death. The court denied the motion and plaintiff has appealed.
It is obvious, and the trial court acknowledged, that the suggestion of death was ineffective if plaintiff's counsel did not receive it. Certainly plaintiff's counsel cannot be charged with the responsibility to respond to a suggestion of death of which he had no knowledge. See, e.g., Kanecke v. Lennar Homes, Inc., 543 So.2d 784 (Fla. 3d DCA 1989); D'Alacio v. Intercontinental Bank, 541 So.2d 1290 (Fla. 3d DCA 1989); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988); Hammett v. Hammett, 510 So.2d 632 (Fla. 3d DCA 1987); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758, 759 (Fla. 3d DCA 1986). The trial court agreed with the principles just stated, but mistakenly believed that the matter had been resolved adversely to plaintiff by a predecessor. In fact, that was not so and the matter should have been considered on the merits by the successor judge. See Groover v. Walker, 88 So.2d 312, 314-15 (Fla. 1956).
Defendant contends that the ruling below should nonetheless be affirmed. Defendant argues that in this case the suggestion of death contains a certificate of service showing that the suggestion of death was mailed to plaintiff's predecessor counsel. Defendant correctly states that proof of mailing raises the presumption that the mail was received. Defendant then quotes that part of Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980), which states that "this presumption is not overcome by a denial, even though sworn, that the order was not received." Id. at 69. Defendant interprets this language to mean that the certificate of service is conclusive and that the presumption of receipt is irrebuttable. That is not so.
This court has recently explained:
The certificate of service on the subject order was prima facie proof that the said order was mailed to plaintiff's counsel, and proof of such mailing created a presumption (although not an irrebuttable one) that plaintiff's counsel received the order in the mail; on the other hand, the plaintiff's affidavits filed below constituted some evidence that the subject order was not received in the mail by plaintiff's counsel. It therefore became a question of fact as to whether plaintiff's counsel had received the subject order in the mail... .
World on Wheels of Miami, Inc. v. Int'l Auto Motors, Inc., 569 So.2d 836, 837 n. 1 (Fla. 3d DCA 1990). In other words, the denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court. The order under review must be reversed and the cause remanded for a factual finding on the issue of nonreceipt by plaintiff's former counsel. If, as plaintiff's former counsel contends, he did not receive the suggestion of death then the action must be reinstated. We have carefully considered defendant's remaining arguments for affirmance and are not persuaded thereby.
*17 Plaintiff makes an alternative argument that he is entitled to reversal in any event because the suggestion of death was filed by defendant's attorney, rather than defendant's personal representative. For this proposition he relies on Rende v. Kay, 415 F.2d 983 (D.C. Cir.1969). We decline to follow Rende in that respect. See generally King v. Tyree's of Tampa, Inc., 315 So.2d 538, 539-40 (Fla. 2d DCA 1975). The text of Rule 1.260(a)(1) does not contain a limitation on who may file a suggestion of death. Since there is a public interest in the prompt resolution of decedents' estates, we conclude that such a limitation should not be read into the Rule. See also H. Trawick, Trawick's Florida Practice & Procedure § 4-11 (1990 ed.). It should be emphasized, however, that while defense counsel may file the suggestion of death, counsel also has a corresponding obligation to promptly disclose the status of the estate, identity of the personal representative, or where appropriate, the identity of next of kin or successors in interest. The defense may not file the suggestion of death and simultaneously withhold the information necessary for plaintiff to move for substitution. Additionally, it should be noted that the 90-day time period of Rule 1.260(a) may be extended for good cause shown. See Pearl v. Kelly, 442 So.2d 1012, 1013 (Fla. 3d DCA 1983), review denied, 451 So.2d 849 (Fla. 1984); Fla.R.Civ.P. 1.090(b); 7C C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 1955, at 546 (1986).
The order under review is reversed and the cause remanded with directions to conduct an evidentiary hearing on the question whether plaintiff's former counsel received the suggestion of death.
Reversed and remanded.