635 So.2d 131 (1994)
Flavia ALVAREZ, Appellant,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY, as subrogee of Fay Roberts, Appellee.
No. 93-2287.
District Court of Appeal of Florida, Third District.
April 12, 1994.
*132 Wolpe, Leibowitz, Berger & Brotman and Steven Berger and Bradley H. Trushin, Miami, for appellant.
Stephen C. Shenkman & Associates and Jeffrey R. Roth, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM.
The defendant below seeks review of an order denying her rule 1.540(b) motion to set aside a default and default judgment entered against her. We reverse.
Substituted service of process in this accident case was secured on Alvarez under section 48.031, Florida Statutes (1991) by serving her cousin at what was allegedly her "usual place of abode" at a home in Hialeah. The affidavits and supporting documentation  including a telephone bill and marriage license  submitted in support of appellant's motion below, however, established uncontradictedly that Alvarez was not living at that address on the date of service or for some time before. See Hunt Exterminating Co. v. Crum, 598 So.2d 113 (Fla. 2d DCA 1992); Partrade, Inc. v. Marchiano, 566 So.2d 588 (Fla. 3d DCA 1990); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990). It is therefore apparent that the purported service of process was ineffective as a matter of law, see Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987), and that the default and default judgment were therefore void and must be set aside. See Falkner v. AmeriFirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986); Sams Food Store, Inc. v. Alvarez, 443 So.2d 211 (Fla. 3d DCA 1983); Hyman v. Canter, 389 So.2d 322 (Fla. 3d DCA 1980).
Reversed.