930 So.2d 633 (2006)
Alex LANZA, Appellant,
v.
ALLIED TRUCKING OF FLORIDA, INC., Appellee.
No. 3D05-53.
District Court of Appeal of Florida, Third District.
January 11, 2006.
Rehearing Denied June 16, 2006.
Mark J. Feldman, Miami, for appellant.
Marlow, Connell, Abrams, Adler, Newman & Lewis and Alejandro (Alex) Suarez, Miami, for appellee.
Before LEVY, RAMIREZ, and SUAREZ, JJ.
SUAREZ, J.
Alex Lanza appeals an order vacating a default and the entry of a final summary judgment in favor of the appellee, Allied Trucking of Florida, Inc. ("Allied"). We affirm the setting aside of the default and reverse the final summary judgment.
Lanza brought a negligence action against Allied. He alleges Allied failed to properly install a canvas cover over a trailer containing construction debris which Lanza transported to the dump. He claims the canvas became stuck while he was attempting to remove itcausing him to fall from the trailer and to sustain injuries. Lanza obtained a default against *634 Allied on January 3, 2003. On January 31, 2003, Allied moved to set aside the default. On April 8, 2004, after a stay of the proceedings, the trial court granted Allied's Motion to Set Aside Default.
We affirm the granting of Allied's Motion to Set Aside Default. A party moving to set aside a default must show excusable neglect, a meritorious defense, and due diligence in moving to set aside the default. See Venero v. Balbuena, 652 So.2d 1271 (Fla. 3d DCA 1995).[1] Attorneys for Allied filed two affidavits to support the claims of excusable neglect and due diligence. The affidavits established that the complaint was faxed to the defense attorneys' office but due to vacations of certain office personnel, it was not timely responded to. Failure to set aside a default is an abuse of discretion where excusable neglect has been shown. See, e.g., Okeechobee Imps. Inc. v. Am. Sav. & Loan Ass'n, 558 So.2d 506 (Fla. 3d DCA 1990) (employee's failure to follow established corporate procedure in processing complaint constitutes excusable neglect); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987) (tardiness in answering occasioned by breakdown in defendant's established office practice constitutes excusable neglect); Kuehne & Nagel, Inc. v. Esser Int'l, Inc., 467 So.2d 457 (Fla. 3d DCA 1985) (employee's mistake in filing away summons and complaint constitutes excusable neglect). As the affidavits establish excusable neglect recognized by the courts and the motion to set aside was filed within a reasonable time after learning of the default, the trial court was correct in granting the motion.
On August 6, 2004, Allied moved for summary judgment. In support of the motion, it attached an affidavit of its representative who denied knowledge of any acts on the part of Allied associated with the loading of construction debris into the trailer. Lanza filed an affidavit in opposition to the motion for summary judgment alleging that Allied was responsible for preparing the trailer for shipment and placing a cover over the cargo in the trailer. On December 1, 2004, the trial judge granted Allied's motion for summary judgment and entered final summary judgment in Allied's favor.
We reverse the final summary judgment entered in favor of Allied on grounds that genuine issues of material fact remain to be resolved by a jury. See Anello v. Murphy Motor Freight Lines, Inc., 525 F.2d 276 (2d Cir.1975); Muncie Aviation Corp. v. Party Doll Fleet, Inc., 519 F.2d 1178 (5th Cir.1975); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Lumbermens Mut. Cas. Co. v. Alvarez, 443 So.2d 279 (Fla. 3d DCA 1983).
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] The issue of a meritorious defense was not raised on appeal.