PER CURIAM.
 

 Abner Silva, the defendant below, seeks review of an order denying his motion to set aside a default final judgment entered against him. We reverse.
 

 In this foreclosure case, substituted service of process was secured on Silva under section 48.031, Florida Statutes (2010), by serving a “Luz Rodriguez”, who purportedly lived at the mortgaged property. However, the affidavits and other information submitted in support of Silva’s motion below established that the mortgaged property had been vacant for some time prior to the purported service, that he did not know anyone by the name of Luz Rodriguez, and that his usual place of abode was, and had been for eighteen months prior to the purported service, in Miami.
 

 The party seeking to invoke the court’s jurisdiction has the burden to prove the validity of service of process.
 
 See Torres v. Amco Constr., Inc.,
 
 867 So.2d 583, 587 (Fla. 5th DCA 2004). This record does not reflect competent evidence that BAC Home Loans Servicing L.P., the plaintiff below, met that burden. The default judgment was, therefore, void and must be set aside.
 
 See Alvarez v. State Farm Mut. Auto. Ins. Co.,
 
 635 So.2d 131 (Fla. 3d DCA 1994).
 

 REVERSED.
 

 MONACO, C.J., SAWAYA and ORFINGER, JJ., concur.