# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D21-1805, 3D21-1658
Lower Tribunal No. 20-16326

————————————

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Guillaume Dimanche, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellant.

No appearance for appellees.[1]

Before FERNANDEZ, C.J., and LINDSEY and LOBREE, JJ.

FERNANDEZ, C.J.

---

[1] Appellees were precluded from filing an answer brief after failing to heed this Court's order directing them to file same within a specified period of time.

Universal Property & Casualty Insurance Company ("Universal Property") appeals the trial court's Agreed Amended Final Declaratory Judgment in favor of Guillaume Dimanche and Marie Dimanche a/k/a Mari Dimanche ("the Dimanches"). Because Universal Property met the Florida law requirements for setting aside a default and for vacating a final default judgment, we reverse the Agreed Amended Final Declaratory Judgment and remand to the trial court so that the case can proceed on the merits.

## I.    BACKGROUND

This suit concerns a typical homeowners' insurance policy issued by Universal Property to the Dimanches. The Dimanches filed suit against Universal Property after the Dimanches filed a claim, and Universal Property did not issue payment. The Dimanches sought a declaration of coverage, a decision on "the scope of coverage and the Replacement Cost Value of the subject insurance claim", and attorneys' fees and costs. The Dimanches attached an estimate to their complaint indicating a projected replacement cost value of $65,910.87 in proposed repairs to their home.

After service of process, neither party took any action in the suit. On May 12, 2021, the trial court entered an "Order to Take Action Based on Eligibility for Default After Personal/Substitute Service," stating that Universal Property was eligible for entry of a judicial default. The trial court directed

2

that within ten days of its order, the Dimanches were to file a motion for judicial default, show good cause why a default should not be entered, or else the case would be dismissed. The Dimanches did not file anything in the ten-day period.

On May 12, 2021, the same day the trial court entered its order to take action, Universal Property filed a motion to dismiss the Dimanches' complaint for declaratory relief. On May 24, 2021, the trial court entered an order denying Universal Property's motion to dismiss and stating that a default would be entered against Universal Property without a hearing if Universal Property did not file its Answer within seven days (by May 31, 2021). Specifically, the trial court's order stated: **"This deadline may not be extended by agreement and the mere filing of a motion to extend this deadline will not toll the time to file the Answer. The failure to timely file the Answer will result in the entry of a Court Default without further notice or hearing."** (Emphasis in original). Universal Property argued that its legal assistant mistakenly did not calendar the deadline for the answer to the Dimanches' complaint, and thus Universal missed the deadline. The trial court did not hold a hearing, and on June 7, 2021, it entered a default against Universal Property. The trial court's order stated:

**JUDICIAL DEFAULT AGAINST THE DEFENDANT**

3

This cause came up for review and the Court noting the Defendant is in violation of this Court order requiring the Defendant to file an Answer on or before 5/31/21, which has not happened, it is therefore;

Ordered and Adjudged that a Judicial Default is hereby entered against Universal Property and Casualty Insurance Company.

DONE and ORDERED in Chambers at Miami-Dade County, Florida on this 7th day of June, 2021.

The next day, on June 8, 2021, Universal Property filed its Answer and Affirmative Defenses denying that the Dimanches had sustained a covered loss. Universal Property contended in its first affirmative defense that the subject policy was an H08 "named peril" policy and not an "all risk" policy. Thus, coverage was only provided for certain perils. It then outlined Section I of the subject policy which provided the list of perils. Universal Property stated that based on documentation received from the Dimanches, their report, and Universal Property's inspection of the alleged loss, there was no coverage for the subject loss because the damages were the result of a plumbing leak and not a "named peril."

On the same day, Universal Property filed a Verified Motion to Set Aside Judicial Default. It outlined its legal assistant's error in failing to put the due date for its Answer on the calendar and cited Florida case law regarding clerical/secretarial errors being deemed excusable neglect when setting aside defaults. It also argued that a meritorious defense was presented in its

4

Answer and Affirmative Defenses. Finally, Universal Property contended that it had showed due diligence in taking action to respond to the judicial default by filing its Verified Motion to Set Aside Default with supporting exhibits and its Answer and Affirmative Defenses the very next day after the trial court's order was entered.

Thereafter, on May 13, 2021, the parties scheduled an agreed hearing date of July 6, 2021 for Universal Property's motion to dismiss plaintiffs' complaint for declaratory relief. When the trial court denied Universal Property's motion to dismiss on May 24, 2021 and entered a judicial default on June 7, 2021, Universal Property then set its Verified Motion to Set Aside Default for hearing on July 6, 2021, the date that had been previously set for its motion to dismiss. On July 3, 2021, the trial court entered an "Order Denying Motion to Set Aside Default." Universal Property filed a motion for reconsideration on July 9, 2021, which has not been ruled on by the trial court.

On July 15, 2021, the Dimanches filed their "Motion for Entry of Default Final Declaratory Judgment and to Determine Entitlement to Attorney's Fees and Costs." They alleged that their claim was a covered loss under the subject policy, the Replacement Cost Value of their claim was $65,910.87, and they are entitled to an award of reasonable attorney's fees and costs.

5

No hearing was held on the motion. On July 19, 2021, the trial court entered a Final Declaratory Judgment in favor of the Dimanches and against Universal Property. In paragraph four (4) of the Final Declaratory Judgment, the trial court required Universal Property to pay the Dimanches $65,910.87. The trial court also ruled that the Dimanches were entitled to reasonable attorney's fees and costs and reserved jurisdiction to determine the amount.

On July 23, 2021, Universal Property filed a "Motion for Relief From and/or to Vacate Final Default Judgment" pursuant to Florida Rule of Civil Procedure 1.540(b). Universal Property contended that the default should have been set aside because Universal Property showed excusable neglect in not filing by the deadline, a meritorious defense as set out in its Answer and Affirmative Defenses, and due diligence in seeking relief from the default by filing the motion to set aside the default the day after it was entered, accompanied by the Answer and Affirmative Defenses. It further argued that it was not afforded due process because the trial court never held a hearing before granting the Dimanches' default motion and never held a hearing on Universal Property's motion to set aside the default. Universal Property contended that if the trial court entered the default as a sanction against Universal Property because it failed to comply with the trial court's order directing that an Answer be filed within seven days, then the trial court was

6

required to make a finding that Universal Property's non-compliance was willful and in bad faith, which the trial court did not do. Finally, Universal Property argued that the trial court erred in ordering Universal Property to pay the Dimanches $65,910.87 when their complaint only sought declaratory relief, and damages were unliquidated. The Dimanches filed their response to the motion, then Universal Property filed the affidavit of its legal assistant in support of Universal Property's motion for relief and/or to vacate the final default judgment.

The trial court held a hearing on August 12, 2021 on Universal Property's motion. After hearing the parties' arguments, the trial court reaffirmed its ruling that the final declaratory judgment against Universal Property would stand as to the default on liability. The trial court then ordered that paragraph four (4), directing Universal Property to pay $65,910.87 to the Dimanches, be removed and instead, jurisdiction would be reserved for a trial on the amount of attorney's fees only. Universal Property then appealed the original Final Declaratory Judgment to this Court, and thereafter appealed the Amended Final Declaratory Judgment the trial court entered to reflect its updated ruling.[2]

---

[2] Universal Property filed a motion with the trial court for it to enter an Amended Final Declaratory Judgment to reflect the trial court's amended ruling. This Court relinquished jurisdiction for the trial court to amend the final

## II.    ANALYSIS

We review the denial of a motion to vacate a default under an abuse of discretion standard. Robles v. Fed. Nat'l Mortg. Ass'n, 255 So. 3d 986, 988 (Fla. 3d DCA 2018).

Universal Property contends that the trial court should not have entered the default against it because the default could not be based on Florida Rule of Civil Procedure 1.500(c), and neither was the default justified under the trial court's self-executing order. Universal Property further argues that the trial court should have set the default aside, and thus the default final declaratory judgment should be vacated. We agree. See Fla. R. Civ. P. 1.500(c). In addition, the entry of default is improper when a party has filed a responsive pleading or otherwise defended before entry of default. Carder v. Pelican Cove W. Homeowners Ass'n, Inc., 595 So. 2d 174, 175 (Fla. 5th DCA 1992).

Here, the trial court entered its order on May 12, 2021 stating that the Dimanches had to file a motion for entry of default within ten days of the trial court's order. They did not file anything. Also on May 12, 2021, Universal

declaratory judgment, which the trial court did on September 2, 2021. On September 3, 2021, Universal Property filed its notice of appeal from the Amended Final Declaratory Judgment. This Court then consolidated the two appeals to proceed under Case No.: 3D21-1805.

8

Property filed its motion to dismiss the Dimanches' complaint. Thus, the default entered against Universal Property was improper under Rule 1.500(c).

Accordingly, as Universal Property contends, the basis for the trial court's default order could only be the trial court's May 24, 2021 order where it ordered Universal Property to file its answer within seven days (on or before May 31, 2022). Universal Property's legal assistant did not calendar the May 31, 2021 deadline. Thus, Universal Property did not file by the required date. The trial court then entered a default on June 7, 2021. Universal Property contends that this was a sanction by the trial court for Universal Property's failure to comply with the trial court's order which was an abuse of discretion by the trial court because Universal Property was entitled to notice of the application for default. In addition, it argues that the trial court's warning in bold and underlining in the May 24, 2021 order was insufficient notice. Universal Property is correct.

In International Energy Corporation v. Hackett, 687 So. 2d 941 (Fla. 3d DCA 1997), this Court stated:

> It is fundamental and well-established under Rule 1.500(b) that when a party against whom affirmative relief is sought has appeared in the action by filing or serving any papers, no default may be entered against such party without prior notice of the application for default. Moreover, any default entered in violation of the due process notice requirement of Rule 1.500 must be set

9

aside without any regard as to whether a meritorious defense is presented or excusable neglect is established. . . .

The appellees do not contest the fact that International was entitled to receive notice, but assert essentially that the court's admonition in its Uniform Order that any noncompliance might result in the imposition of sanctions, including dismissal, satisfied the notice requirement under Rule 1.500(b). We disagree. **Even if the Uniform Order had specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard must still be given to the defending party for a determination of whether the noncompliance was willful or in bad faith.** *Neder* [v. Greyhound Financial Corp., 592 So. 2d 1218 (Fla. 1st DCA 1992)], at 1218 ("Although the order which appellant failed to comply with threatened dismissal for noncompliance, notice must still be given."); . . . .

Hackett, 687 So. 2d at 942-943 (emphasis added; footnotes omitted; some internal citations omitted). Here, there was no motion for default filed by the Dimanches. The trial court had ordered them to file one, but they did not. Even though the trial court stated in its May 24, 2021 order that it would enter a default if Universal Property did not comply with the deadline of May 31, 2021, Universal Property is correct that it was nonetheless entitled to notice and a determination by the trial court on whether Universal Property's failure to comply with the order was willful or done in bad faith. "When a default judgment is entered against a party for failure to obey a court order, the order of default must contain specific findings of the noncomplying party's willful or deliberate refusal to obey the court order." Deer Valley Realty, Inc. v. Beck & Lee, P.A., 260 So. 3d 413, 415 (Fla. 3d DCA 2018). The trial court did not

10

make any of these required findings. And as Universal Property correctly contends, the trial court could not have made these findings because no hearing was held on the issue, so there was no record or evidence for the trial court to consider. Thus, the default against Universal Property was incorrectly entered.

In addition, Universal Property is correct that the default against it should have been set aside, and the default declaratory judgment should be vacated. Florida Rule of Civil Procedure 1.500(d), "Setting aside Default," states: "The court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b)." Rule 1.540(b), provides, in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> . . .

Fla. R. Civ. P. 1.540(b)(1). Furthermore, it is well-settled in Florida that "[a] party moving to set aside a default must show excusable neglect, a meritorious defense, and due diligence in moving to set aside the default." Lanza v. Allied Trucking of Fla., Inc., 930 So. 2d 633, 634 (Fla. 3d DCA 2006).

11

This Court has found excusable neglect "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1115-16 (Fla. 3d DCA 2017) (internal citations omitted); see also Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985). The calendaring error made by Universal Property's legal assistant is an error commonly recognized as warranting relief under rule 1.540(b). Barrett v. Busser, 310 So. 3d 1016, 1017 (Fla. 2d DCA 2020); Acosta v. Deutsche Bank Nat. Trust Co., 88 So. 3d 415, 416-417 (Fla. 4th DCA 2012). Excusable neglect must be proven by an affidavit or other sworn statement. Gibraltar Serv. Corp., v. Lone & Assocs., Inc., 488 So. 2d 582, 584 (Fla. 4th DCA 1986). Here, the calendaring error was supported by Universal Property's legal assistant's affidavit. Thus, Universal Property met the excusable neglect requirement.

Furthermore, Universal Property also showed that it had a meritorious defense and that it acted with due diligence in moving to set aside the default. The due diligence requirement was met because on June 8, 2021, the very next day after the trial court entered the default against Universal Property on June 7, 2021, Universal Property filed its Answer and Affirmative Defenses and its motion to set aside the default. Universal denied the

12

Dimanches' allegations that they had sustained a covered loss. It also raised six affirmative defenses, including that the Dimanches' claim for an accidental discharge of water was not a listed peril in their HO8 "named perils" policy. Thus, Universal Property met the meritorious defense requirement. Gibraltar Service Corp., 488 So. 2d at 584 ("[A] meritorious defense may be shown by an unverified pleading or an affidavit."). Accordingly, the record shows that Universal Property met the three requirements for setting aside a default. Lanza, 930 So. 2d at 634.

For these reasons, we reverse the Amended Final Declaratory Judgment and remand to the trial court with instructions that the trial court set aside the judicial default against Universal Property so the case can proceed on the merits.

Reversed and remanded with instructions.