# Third District Court of Appeal
## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1498
Lower Tribunal No. 21-16786 CC
_____

**Yurian Escobar,**
Appellant,

vs.

**Rafael Marino, et al.,**
Appellees.

An Appeal from a non-final order from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Yurian Escobar, in proper person.

Raymond Carrero, P.A., and Raymond Carrero, for appellees.

Before EMAS, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed. See Universal Prop. & Cas. Insur. Co. v. Dimanche, 47 Fla. L. Weekly D903 at *3 (Fla. 3d DCA Apr. 20, 2022) ("We review the denial of a motion to vacate a default under an abuse of discretion standard.") (citing Robles v. Fed. Nat'l Mortg. Ass'n, 255 So. 3d 986, 988 (Fla. 3d DCA 2018)); Lanza v. Allied Trucking of Fla., Inc., 930 So. 2d 633, 634 (Fla. 3d DCA 2006) ("A party moving to set aside a default must show excusable neglect, a meritorious defense, and due diligence in moving to set aside the default."). See also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla.1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. . . . The question raised by [appellant] clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.")