# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1186
Lower Tribunal No. 20-8626
_____

**Mirna J. Deblois, etc., et al.,**
Appellants,

vs.

**Jose Dominguez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Fitzsimmons, Hewitt, Stranzl & Spaid, P.A., and Nicolas E. Ferreiro, Kevin J. Fitzsimmons and Benjamin S. Stranzl (Tampa), for appellants.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.

Before SCALES, HENDON and GORDO, JJ.

ON MOTION TO DISMISS APPEAL

SCALES, J.

In this personal injury action against Dennis Deblois ("Deblois"), appellants Mirna J. Deblois and Carolyn D. Johnson, as the co-personal representatives of Deblois's estate ("Personal Representatives"), seek appellate review of a non-final, trial court order granting appellee, plaintiff below, Jose Dominguez's late-filed motion to amend his complaint to substitute Personal Representatives for Deblois as party defendants. While we lack appellate jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)i to review the challenged order, we treat the appeal as a petition for writ of certiorari under Florida Rule of Appellate Procedure 9.100 and, as more specifically outlined below, direct the parties to file supplemental briefing under this case number.

## I. Relevant Background and Proceedings Below

In April 2020, Dominguez filed this personal injury action against Deblois. On December 1, 2022, pursuant to Florida Rule of Civil Procedure 1.260(a)(1), Deblois's attorney filed and served a notice in this action that Deblois had died.[1] Under the rule, Dominguez had ninety days after this

---

[1] See Fla. R. Civ. P. 1.260(a) (governing substitution upon the death of a party); Scutieri v. Miller, 584 So. 2d 15, 17 (Fla. 3d DCA 1991) ("[T]he suggestion of death was filed by defendant's attorney, rather than defendant's personal representative. . . . The text of Rule 1.260(a)(1) does not contain a limitation on who may file a suggestion of death. Since there is a public interest in the prompt resolution of decedents' estates, we conclude that such a limitation should not be read into the Rule.").

2

notice in which to substitute Deblois's successors or representatives for Deblois as party defendants.[2] On March 3, 2023, after the expiration of ninety days and without Dominguez having filed the requisite substitution motion, Deblois's attorney, acting on behalf of the deceased Deblois,[3] filed a motion to dismiss Dominguez's lawsuit. That same day, Dominguez filed a motion seeking leave both to substitute Personal Representatives as the

---

[2] Rule 1.260(a)(1) provides:

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be filed and served on all parties as provided in Florida Rule of General Practice and Judicial Administration 2.516 and upon persons not parties in the manner provided for the service of a summons. *Unless the motion for substitution is made within 90 days after a statement noting the death is filed and served on all parties as provided in Rule of General Practice and Judicial Administration 2.516, the action shall be dismissed as to the deceased party*.

(Emphasis added).

[3] See Martin v. Hacsi, 909 So. 2d 935, 937 (Fla. 5th DCA 2005) ("[I]f the attorney for a party, who dies during the course of litigation, were not allowed to file a motion to dismiss in the absence of a timely motion for substitution of a party until a party had been substituted, then dismissal could never occur and the rule would be meaningless.").

party defendants and to file an amended complaint against them. Dominguez attached a copy of his proposed amended complaint to his motion.

The trial court conducted a hearing on the competing motions and, on June 2, 2023, entered the challenged order that: (i) denied Deblois's motion to dismiss the complaint upon finding excusable neglect for Dominguez's failure to timely file his substitution motion; and (ii) granted Dominguez's late-filed motion to substitute Personal Representatives as party defendants and to file the amended complaint against them. Personal Representatives seek appellate review of the trial court's June 2, 2023 order.[4]

II. **Dominguez's motion to dismiss, Personal Representatives' response, and review of this District's case law**

After Personal Representatives filed their initial brief in this Court, Dominguez moved to dismiss Personal Representatives' appeal, arguing that the challenged order is a non-final, non-appealable order. Personal Representatives responded by asserting that the challenged order is reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)i as an appealable non-final order that "determine[s] . . . the jurisdiction of the person." As support, Personal Representatives cite to this Court's decisions

---

[4] While Personal Representatives' notice of appeal of this order indicates that the challenged order is "nonfinal," it identifies no basis for this Court's jurisdiction.

4

in <u>Mutual of Omaha Insurance Co. v. White</u>, 554 So. 2d 12 (Fla. 3d DCA 1989), and <u>Canter v. Hyman</u>, 363 So. 2d 29 (Fla. 3d DCA 1978). In our effort to discern whether rule 9.130(a)(3)(C)i provides a basis for this Court to exercise appellate jurisdiction to review the challenged non-final order, we analyze each case below.

A. *Canter*

In <u>Canter</u>, the defendant sought appellate review in this Court of "the trial court's order substituting personal representative as plaintiff and denying [the defendant's] motion to dismiss the cause of action pursuant to Florida Rule of Civil Procedure 1.260." 363 So. 2d at 30. Without citing any appellate rule or stating the basis for this Court's jurisdiction, the <u>Canter</u> court engaged in plenary appellate review of the interlocutory order and reversed the trial court's order with remand directions. <u>Id.</u> The facts in <u>Canter</u> indicate that the defendant filed the notice of appeal either immediately prior to or immediately following the Florida Supreme Court's adoption of the 1977 revisions of the Florida Rules of Appellate Procedure that, effective March 1, 1978, replaced former rule 4.2 with rule 9.130. <u>See</u> <u>In re Proposed Fla. Appellate Rules</u>, 351 So. 2d 981 (Fla. 1977). It is unclear, though, what rule of appellate procedure (i.e., former rule 4.2 or the newly enacted rule 9.130) applied to the appellate proceedings in <u>Canter</u>. <u>See</u> Fla. R. App. P. 9.010

("These rules . . . shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in  . . . the district court of appeal . . . . [A]ny appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment.").

Thus, not only does Canter not squarely address the basis upon which we exercised jurisdiction in that case, but the opinion is also unclear as to what, if any, appellate rule was invoked for us to exercise appellate jurisdiction to review the non-final order challenged in the case.

B. *Mutual of Omaha*

In Mutual of Omaha, the defendant sought "review of orders granting a motion to substitute the personal representative in place of the deceased plaintiff, and denying defendant's motion to dismiss under Rule 1.260(a), Florida Rule of Civil Procedure." 554 So. 2d at 13. The Mutual of Ohama decision reflects that the defendant not only sought appellate review pursuant to Canter, but *also* sought review by petitions for writ of certiorari and prohibition. Id. at 13, n.1. Without stating the basis for this Court's jurisdiction, the Mutual of Omaha court – seemingly because the defendant was not entitled to relief regardless of how the Court treated the appellate proceedings – denied relief on all three bases. Id. That is, this Court both

6

*affirmed* the challenged orders and *denied* the petitions for prohibition and certiorari. Id. The Mutual of Omaha decision did not squarely address whether this Court, under rule 9.130(a)(3), will engage in plenary review of an interlocutory order that, premised on compliance with rule 1.260(a), denies a party's motion to dismiss a complaint and/or grants a motion to substitute party.

## III.    Analysis

### A. Appellate jurisdiction under rule 9.130(a)(3)(C)i

Because our Canter and Mutual of Omaha decisions failed to directly address whether, and on what basis, this Court had appellate jurisdiction to review the non-final orders challenged in those cases, they are of no significant precedential value to this Court in adjudicating Dominguez's motion.[5] But this Court's jurisprudence that does squarely address the

---

[5] The general rule is that "[i]ssues, even jurisdictional issues, lurking in the record but not addressed do not bind the court in later cases." R.R. Donnelley & Sons Co. v. FTC, 931 F.2d 430, 433 (7th Cir. 1991); see also Lewis v. Casey, 518 U.S. 343, 352 n.2 (1996) ( "[W]e have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect."); Kershaw v. Shalala, 9 F.3d 11, 13 n.3 (5th Cir. 1993) (noting that the Court's exercise of jurisdiction in a prior decision did not "constitute a binding precedent . . . because the jurisdictional issue was neither raised by the parties nor addressed by the Court"); Brooks v. Flagg Bros., Inc., 553 F.2d 764, 774 (2d Cir. 1977) (observing that "such a sub silentio jurisdictional ruling is not binding precedent in this court . . . ."), rev'd on other grounds, 436 U.S. 149 (1978); Shattuck v. Hoegl, 523 F.2d 509,

parameters of our appellate jurisdiction under rule 9.130 provides us with clear guidance such that we have little difficulty concluding that the challenged order is not reviewable under rule 9.130(a)(3)(C)i.

The challenged order denied Deblois's dismissal motion that was premised entirely on Dominguez's failure to comply with rule 1.260(a). The order also granted Dominguez's late-filed motion to substitute Personal Representatives as party defendants and allowed the filing of Dominguez's amended complaint against them. The challenged order, though, did not mention, much less decide, whether the trial court had "personal jurisdiction"

---

514 n.8 (2d Cir. 1975) ("[T]he precedential value of a per curiam exercise of jurisdiction noting an affirmance in open court is at best doubtful where the issue of jurisdiction apparently was not raised but passed Sub silentio."); Ass'n of Westinghouse Salaried Emps. v. Westinghouse Elec. Corp., 210 F.2d 623, 628-29 (3d Cir. 1954) (noting that where "the question of federal jurisdiction was passed sub silentio" it does not amount to "binding precedent on the issue of jurisdiction"), aff'd, 348 U.S. 437 (1955). Crawford v. United States, 796 F.2d 924, 928 (7th Cir. 1986) ("[D]ecisions that fail to remark a jurisdictional issue are not assumed to have resolved it by their silence."); Cf; Dep't of Children & Families v. Feliciano, 259 So. 3d 957, 972 (Fla. 3d DCA 2018) (Luck, J., concurring in result) ("[A] ruling on the merits of a case in which the court's jurisdiction wasn't challenged or assumed doesn't constitute precedent on the question whether the court has jurisdiction over such a case." (quoting Bryan A. Garner et al., The Law of Judicial Precedent 121 (Thomas Reuters, 2016))).

over Personal Representatives, and it certainly did not make the "determination" which we have held is required for us to exercise jurisdiction to review an order under rule 9.130(a)(3)(C)i. See Skybus Jet Cargo, Inc. v. Aca Int'l, LLC, 365 So. 3d 467, 467 n.1 (Fla. 3d DCA 2023) ("In determining whether we have appellate jurisdiction to review a nonfinal order under rule 9.130(a)(3), 'this Court looks to the four corners of the *challenged order*[.]'" (quoting Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020))); Cole v. Posada, 555 So. 2d 367, 368 (Fla. 3d DCA 1989) ("We conclude the trial court order denying appellants' motions to dismiss is a nonappealable, non-final order because it does not relate to a true 'jurisdiction of the person' issue. Under rule 9.130(a)(3)(C)(i), 'jurisdiction of the person' has been interpreted as referring to whether the service of process was proper or whether the long-arm statute has been correctly applied."). Hence, consistent with modern rule 9.130(a)(3) jurisprudence,[6]

---

[6] See, e.g. Truist Bank, 307 So. 3d at 826 ("[W]e are reminded that, when deciding whether we have appellate jurisdiction to review a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3), we narrowly construe the rule and its enumerated categories of orders subject to interlocutory appellate review."); Jenne v. Maranto, 825 So. 2d 409, 413 (Fla. 4th DCA 2002) ("The enumerated categories of permissible nonfinal review stated in rule 9.130 must be limited to their plain meaning. The rule does not authorize judges to enlarge its provisions to permit review of nonfinal orders not specified within its provisions.") (citation omitted).

we conclude that rule 9.130(a)(3)(C)i does not provide us with appellate jurisdiction to review the challenged non-final order.[7,8]

*B. Certiorari jurisdiction*

Although we lack appellate jurisdiction over the challenged non-final order, our inquiry is not at an end as to whether this order is otherwise reviewable. Recognizing that more recent Florida appellate court decisions have concluded that non-final orders similar to the one challenged here are reviewable by petition for common law certiorari, we likewise treat the instant appeal as a petition for writ of certiorari. See Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of

---

[7] Of course, had the trial court granted Deblois's dismissal motion *and dismissed the action with prejudice*, such an order would most likely have been an appealable final order over which we presumably would have had appellate jurisdiction to review. See Feller v. R.J. Reynolds Tobacco Co., 240 So. 3d 61, 63 (Fla. 3d DCA 2018).

[8] We note that, in a somewhat similar context, where the decedent co-defendant had died intestate, the Fourth District determined that it lacked appellate jurisdiction under rule 9.130 to review the trial court's non-final order denying the plaintiffs' motion that sought to substitute the decedent with a representative to be appointed by the trial court. See Gomez v. Fradin, 199 So. 3d 554, 555 (Fla. 4th DCA 2016) (dismissing the appeal and determining that the appellate court would not treat the appeal as a petition for writ of certiorari because the proper remedy for appellants, as unliquidated creditors of the deceased's estate, was to petition the probate court for administration).

the court to seek the proper remedy."); <u>Kash N' Karry Food Stores, Inc. v. Smart</u>, 814 So. 2d 530, 532 (Fla. 2d DCA 2002) ("Orders effectively denying motions to dismiss for failure to substitute party have been reviewed by common law certiorari."); <u>see also</u> <u>R.J. Reynolds Tobacco Co. v. Lacey</u>, 276 So. 3d 103, 104 (Fla. 3d DCA 2019) (citing <u>Kash N' Karry Food Stores</u> with approval, and denying a petition for writ of certiorari directed at an order denying a motion to dismiss a lawsuit "for failure by the plaintiff's widow to comply with Florida Rule of Civil Procedure 1.260"); <u>Olympus Ins. Co. v. Hernandez</u>, 171 So. 3d 831, 831 (Fla. 4th DCA 2015) (granting certiorari and quashing a trial court order that "granted the motion for substitution of party and denied the motion to dismiss"); <u>but see</u> <u>Gomez</u>, 199 So. 3d at 555 (declining to treat non-final appeal as a certiorari petition). Appropriate certiorari briefing, though, is necessary for this Court to determine whether certiorari lies in this case to afford Personal Representatives relief from the challenged order.

Indeed, at this juncture, this Court cannot determine (i) whether the trial court departed from the essential requirements of law by entering the challenged order, or (ii) if such a departure did occur, whether the resulting injury to Personal Representatives is irreparable and cannot be remedied on

plenary appeal.[9] Thus, if Personal Representatives wish for this Court to consider whether Personal Representatives are entitled to certiorari relief, then, within thirty days of the issuance of this opinion, Personal Representatives shall file a supplemental brief, not to exceed twenty pages in length, arguing why they are entitled to certiorari relief. After Personal Representatives file their supplemental brief, Dominguez shall then have twenty days thereafter to file a response brief that also shall not exceed twenty pages in length. Within ten days thereafter, Personal Representatives may, but are not required to, file a reply brief that shall not exceed ten pages in length.[10]

So ordered.

---

[9] See Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("To invoke this court's power to issue a writ of certiorari, a petitioner for the writ must show that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on postjudgment appeal. These last two elements are sometimes referred to as irreparable harm. The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.") (citations omitted); see also Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction.").

[10] We express no opinion as to whether Personal Representatives are entitled to certiorari relief.