# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2195
Lower Tribunal Nos. 24F-22425, 1243483334
_____


**Lauren Sonner,**
Appellant,

vs.

**Florida Department of Children and Families,**
Appellee.


An Appeal from the State of Florida, Department of Children and Families, Office of Appeal Hearings.

Lauren Sonner, in proper person.

Rosemarie Rinaldi, Assistant Regional Legal Counsel, for appellee.


Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

In this administrative appeal, appellant, Lauren Sonner, seeks review of an order dismissing her fair hearing request on the grounds that the Florida Department of Children and Families deemed it abandoned. As she did below, Sonner contends she received notice by mail after the date of the scheduled hearing. Ostensibly relying upon the rebuttable presumption of receipt arising out of proof of mailing, the hearing officer equated Sonner's failure to appear with abandonment. See, e.g., Scott v. Johnson, 386 So. 2d 67, 69 (Fla. 3d DCA 1980) (citing Brown v. Giffen Indus., Inc., 281 So. 2d 897, 900 (Fla. 1973)) ("[P]roof of mailing raises the presumption that the mail was received[.]"). Given that Sonner timely disputed receipt of the notice, we find she was entitled, at a minimum, to an evidentiary hearing on the issue. See Scutieri v. Miller, 584 So. 2d 15, 16 (Fla. 3d DCA 1991) ("[T]he denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court. The order under review must be reversed and the cause remanded for a factual finding on the issue of nonreceipt by plaintiff's former counsel."); Abrams v. Paul, 453 So. 2d 826, 828–29 (Fla. 1st DCA 1984) ("The presumption raised by the certificate of service is clearly not conclusive. Neither is a sworn denial of receipt either sufficient or insufficient as a matter of law in rebuttal of the presumption. . . . The issue is therefore a factual one

requiring the trial court to weigh the evidence and make a determination as to whether the notice was received.").

Reversed and remanded.